**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

MYRON NEWJEAN ANDERSON, JR.,
ADC #123288                                                                                              PLAINTIFF

V.                                              5:14CV00029-KGB-JTK

RUSSELL MCCRIMMAN, et al.                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

1

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.     Introduction**

Plaintiff Anderson, a state inmate confined at the Varner Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, seeking monetary relief from the Defendants based on their denial of his access to the courts. On May 12, 2014, this Court dismissed Plaintiff's claims of violation of ADC policies, and all claims against Defendants Hobbs, Banks, and Meinzer (Doc. No. 30). Plaintiff filed an Amended Complaint against Defendant McCrimman, again alleging a denial of access to the courts (Doc. No. 16).[1]

Pending before the Court is Defendant McCrimman's Motion for Summary Judgment (Doc. No. 33), to which Plaintiff has responded (Doc. No. 36).

In his Amended Complaint, Plaintiff alleges Defendant McCrimman violated his right to access to the courts by failing to follow ADC policy and failing to ensure that his legal documents were properly processed for mailing. (Doc. No. 16, pp. 2-3.) As a result, Plaintiff states that his

---

[1] The Court denied Plaintiff's Motion to Amend with respect to his allegations against Defendants Hobbs, Meinzer, and Banks (Doc. No. 15.)

federal habeas action was dismissed after the court failed to receive his objections. (Id.)

**II.     Summary Judgment**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

The Court initially agrees with Defendant that Plaintiff's monetary claims against him in his official capacity are barred by sovereign immunity. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 65-66 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 754 (8th Cir. 1997).

Next, the Court agrees with Defendant that Plaintiff's allegations against him in his individual capacity should be dismissed, because Plaintiff did not suffer any injury as a result of Defendant's actions.

In order to state a claim for denial of access to the Courts, Plaintiff must allege and prove

that Defendant McCrimman's actions caused actual injury to a legal matter, such as the dismissal of an otherwise meritorious legal claim, as set forth in Lewis v. Casey, 518 U.S. 343, 351, 357 (1996). In this case, Plaintiff alleges that Defendant's actions somehow prevented the mailing of his objections in his habeas case, Anderson v. Hobbs, 5:10cv00258-SWW-JTK, which resulted in its dismissal. However, Plaintiff does not provide to the Court the additional information that after his habeas action was dismissed, he filed belated objections and motions for a belated response and reconsideration. (Id., Doc. No. 29, 30.) The Court in Anderson v. Hobbs granted Plaintiff's motion for a belated response, considered his objections and his motion for reconsideration, yet found "no basis for reconsidering or modifying" the Court's dismissal of his habeas petition. (Id., Doc. No. 33.) Therefore, even assuming that McCrimman improperly failed to process Plaintiff's legal mail, it is undisputed that Plaintiff did not suffer an actual injury, because the Court considered a belated filing of his objections. In light of such, the Court finds as a matter of law that Plaintiff's complaint against Defendant should be dismissed.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant McCrimman's Motion for Summary judgment (Doc. No. 33) be GRANTED, and Plaintiff's complaint against him be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 29th day of October, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE